**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

COREPOINTE INSURANCE
COMPANY,

    Plaintiff,

v.            Case No: 6:23-cv-294-CEM-LHP

POLITIS LAW FIRM, P.A., MICHAEL
JOHN POLITIS and CATHLEEN
WHITE,

    Defendants

---

**ORDER**
(And Direction to Clerk of Court)

  This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CATHLEEN WHITE AS PLENARY GUARDIAN OF DAVID FOUTS AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 24)**
>
> **FILED:** May 16, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED as moot**.

> **MOTION:** DEFENDANT CATHLEEN WHITE'S, AS PLENARY GUARDIAN OF DAVID FOUTS, MOTION TO VACATE CLERK'S DEFAULT (Doc. No. 26)
>
> **FILED:** May 22, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.[1]

On February 21, 2023, Plaintiff Corepointe Insurance Company ("Corepointe") filed this action for declaratory relief, seeking a declaration of its obligations under an insurance policy it issued to Defendant Politis Law Firm, P.A. in connection with an underlying state court lawsuit brought by Defendant Cathleen White (as plenary guardian of David Fouts ("White")) against Defendants Politis Law Firm, P.A. and Michael John Politis.  Doc. No. 1.  Defendants Politis Law Firm, P.A. and Michael John Politis have appeared in the matter, and by unopposed motion, the deadline for their response to the complaint has been extended through July 14, 2023.  Doc. Nos. 22–23.  The docket reflects that White was personally served with a copy of the summons and complaint on March 17, 2023.  Doc. No. 18-1.  However, White did not timely appear or respond to the

---

[1] The Court notes that this motion does not comply with the typography requirements set forth in Local Rule 1.08.  Going forward, counsel is cautioned that future motions that fail to comply with all Federal Rules of Civil Procedure, Local Rules, and/or Court Orders may be stricken or summarily denied without further notice.  *See also* Doc. No. 5.

- 2 -

complaint, and on Plaintiff's motion, Clerk's default was entered against her on April 19, 2023.  Doc. Nos. 19–20.  Plaintiff also filed a motion for default judgment against White on May 16, 2023, which remains pending.  Doc. No. 24.

On May 22, 2023, counsel appeared on White's behalf, and filed a motion to vacate the Clerk's default.  Doc. Nos. 25–26.  White also subsequently filed a proposed answer.  Doc. No. 33-1.  Plaintiff has filed a response in opposition to the motion to vacate, contending that White has failed to establish good cause, excusable neglect, or a meritorious defense, and thus, that the motion to vacate should be denied.  Doc. No. 34.  Both the motion for default judgment and the motion to vacate the Clerk's default have been referred to the undersigned, and the matters are ripe for review.

Regarding the motion to vacate the Clerk's default, a court "may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  "The defendant bears the burden of establishing good cause to set aside an entry of default."  *Insituform Tech., Inc. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008) (citations omitted).  "Good cause" is a liberal standard.  *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted).  Courts have considered the following non-exclusive factors in determining whether to set aside an entry of default: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the

opposing party; (3) whether the defaulting party presents a meritorious defense; (4) whether there was significant financial loss to the defaulting party; and (5) whether the defaulting party acted promptly to correct the default.  *Id.*  "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default."  *Id.* (citation omitted).  The Eleventh Circuit has repeatedly held that there is a strong policy in favor of resolving cases on the merits and that defaults are viewed with disfavor.  *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339, 1342 (11th Cir. 2014).  Therefore, any doubts regarding whether to set aside an entry of default should be resolved in favor of the party seeking relief.  *Davis v. Parkhill Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962).[2]

Here, White states that the complaint was forwarded to her counsel by email on the evening of March 19, 2023.  Doc. No. 26 ¶ 6.  However, counsel left the country the following day, filed the email away, forgot about it, and only recalled on May 21, 2023, that he had not timely responded to the complaint in this matter.  *Id.* ¶¶ 6–9.  Counsel promptly moved to vacate the Clerk's default the following day, May 22, 2023.  *Id.* ¶ 10.  White submits the declaration of counsel in support

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

of these statements. Doc. No. 26-1. White contends that the failure to respond was not willful, she acted promptly in seeking to set aside the default, and that she can assert a meritorious defense. Doc. No. 26, at 3–5.

In response, Corepointe takes issue with White's counsel "forgetting" about the complaint from this matter given that counsel made filings in the underlying state court case during the same time period, and the lack of declaration or affidavit from White herself supporting the motion. Doc. No. 34, at 5–8. In addition, Corepointe argues that any lack of prejudice it will suffer is not dispositive. *Id.* at 8–9. Finally, Corepointe contends that White has failed to demonstrate that she has a meritorious defense. *Id.* at 9–15.

Upon consideration, the Court finds good cause to set aside the default. First, it does not appear that the default was willful, given that counsel provides by declaration that he failed to forward the complaint to his staff for calendaring purposes and essentially forgot about it. *See, e.g.*, *Mineola Holdings, Inc. v. Stoney Brook Fin. P'ship Ltd.*, No. 6:20-cv-2081-Orl-78LRH, 2021 WL 2954269, at *2 (M.D. Fla. Jan. 4, 2021) (setting aside Clerk's default where counsel inadvertently mis-calendared the deadline for responding to the complaint); *Auto-Owners Ins. Co. v. Env't House Wrap, Inc.*, No. 3:17-cv-817-J-34PDB, 2018 WL 6680937, at *1 (M.D. Fla. Oct. 11, 2018) (finding good cause to set aside Clerk's default caused by "human

error").[3]  Second, there does not appear to be any prejudice to Corepointe by setting aside the Clerk's default, and Corepointe does not argue otherwise.  *See, e.g.*, *Worldwide Distribution, LLLP v. Everlotus Indus. Corp.*, No. 3:16-cv-26-J-39JBT, 2016 WL 8999083, at *2 (M.D. Fla. May 20, 2016) (granting motion to set aside Clerk's default where, among other things, the plaintiff made no argument nor sufficient showing that it would be unduly prejudiced if the default were set aside).  Third, although Corepointe argues that White cannot assert a meritorious defense, Corepointe cites no legal authority demonstrating that White's asserted defenses would fail as a matter of law, and the Court declines to delve into the actual merits of any such defenses at this time.  *See, e.g.*, *Tindal v. Def. Tax Grp. Inc.*, No. 8:19-CV-2907-T-60JSS, 2021 WL 4133749, at *3 (M.D. Fla. Sept. 10, 2021) (finding arguments as to actual merits of defense were better addressed at a later stage of litigation, rather than on motion to vacate Clerk's default); *Worldwide Distribution, LLLP*, 2016 WL 8999083, at *2 (declining to reach the actual merits of a defense on a motion to vacate Clerk's default).  *See also Retina-X Studios, LLC v. ADVAA*, LLC, 303 F.R.D. 642, 657 (M.D. Fla. 2014) ("[W]hether a defense is meritorious does not depend on

---

[3] Corepointe cites no legal authority for the proposition that a declaration or affidavit from White was required to support the motion to vacate.  Accordingly, the Court does not further address this contention, or Corepointe's hypothetical inquiries directed to same.  *See* Doc. No. 34, at 8.

its likelihood of success.").[4]  Finally, according to White's counsel, he only recalled receiving the complaint on May 21, 2023, and he promptly moved to vacate the Clerk's default the following day.  Doc. No. 26-1 ¶¶ 9–10.  So, the Court is satisfied that White acted promptly to correct the default.

In sum, this case is in its early stages; there is a lack of demonstrable prejudice to Corepointe should the default be set aside; and White acted diligently in seeking to set aside the default.  Given the strong policy in favor of resolving cases on the merits and the disfavor with which courts view defaults, the Court finds good cause to set aside the default.  *See also Brake v. All Fla. Safety Inst., LLC*, No. 3:21-cv-339-BJD-JBT, 2021 WL 2877618, at *1 (M.D. Fla. June 30, 2021) (setting aside Clerk's default even though the defendant did not provide an adequate explanation for default to be entered because it promptly moved to set aside the default, presented a meritorious defense, and there was no prejudice to the plaintiff); *Olsen v. Qunn*

---

[4] To the extent that Corepointe relies on *In Re: Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1296 (11th Cir. 2003) for the proposition that the movant "must make an affirmative showing of a defense that is likely to be successful," Doc. No. 34, at 9, the Court does not find *In Re: Worldwide* applicable here, as that case involved a motion to set aside a default judgment under Rule 60(b)(1), and here, White is seeking to set aside a Clerk's default under Rule 55(c).  *See, e.g.*, *Argoitia v. C & J Sons, LLC*, No. 13-62469-CIV, 2014 WL 1912011, at *2 n.2 (S.D. Fla. May 13, 2014) (similarly rejecting reliance on *In Re: Worldwide* in context of motion to vacate Clerk's default).  For the same reasons, the Court finds Corepointe's reliance on district court cases adjudicating motions to set aside default judgments unpersuasive.  *See* Doc. No. 34, at 6–9.

*Const., Inc.,* No. 8:10-cv-753-T-33EAJ, 2011 WL 687501, at *1 (M.D. Fla. Feb. 16, 2011) ("[T]he Court prefers to reach the merits of the case as opposed to decide it on a technicality.").

Accordingly, the Motion to Vacate Clerk's Default (Doc. No. 26) is **GRANTED**. The Clerk of Court is directed to **VACATE** the Clerk's default against White (Doc. No. 20). It is **ORDERED** that on or before **July 5, 2023**, White shall file her proposed answer (Doc. No. 33-1) as a separate docket entry. Given that the Clerk's default will be set aside, Plaintiff's Motion for Default Judgment (Doc. No. 24) is **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida on June 28, 2023.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties